Adams *v.* Reynolds.

---

CHARLES R. ADAMS

*v.*

JAMES LARKIN REYNOLDS et ux.

[Filed September 15th, 1903.]

Where the proceedings in a foreclosure suit accurately describe a portion of the mortgaged premises, and are carried through to advertisement and sale, and deed by the sheriff conveying that portion to a purchaser, this court will not, at the instance of the purchaser from the sheriff,

amend the bill of complaint to include a part of the mortgaged premises which had been omitted by the description in the foreclosure proceedings, and direct the sheriff to deliver to the purchaser a deed for the portion of the mortgaged premises which was neither advertised nor sold.

On bill to foreclose.   Petition by purchaser to amend foreclosure proceedings.

A mortgage was given upon two lots of land in Atlantic City. The second lot is described in the mortgage as follows:

"Also beginning at a point in the north line of Pacific avenue two hundred feet west of the westerly line of Missouri avenue; thence (1) northwardly and parallel with Missouri avenue one hundred and fifty feet; (2) westwardly and parallel with Pacific avenue ten feet, more or less to Steelman Leeds line; thence by the said Steelman Leeds line south one hundred and fifty feet, more or less to Pacific avenue; thence east by said Pacific avenue; thence east by said Pacific avenue twenty-eight feet, six inches, to the place of beginning."

A bill to foreclose or sell these lots under this mortgage was filed in this court. In drawing the bill of complaint the second lot was described as follows:

"Also, beginning at a point in the North line of Pacific Avenue, two hundred feet West of the Westerly line of Missouri Avenue, (1) Northwardly and parallel with Missouri Avenue one hundred and fifty feet; (2) Westwardly and parallel with Pacific Avenue ten feet more or less to Steelman Leeds line; (3) Southwardly and parallel with Missouri Avenue one hundred and fifty feet more or less to the North line of Pacific Avenue; thence (4) eastwardly parallel with Pacific Avenue, twenty-eight feet six inches more or less to the place of beginning."

A decree *pro confesso* was taken against the defendants, and on September 17th, 1900, final decree was entered, "that the said mortgaged premises be sold," &c., not specifically describing them. The execution, sheriff's advertisement and deed all gave the same specific description of the second lot, by metes and bounds, as was given in the bill of complaint. The property sold did not produce the amount due on the mortgage. Mr. Israel G. Adams, the purchaser, was not a party to the foreclosure suit.

Mr. Adams accepted his deed, and some time afterwards sought to insure the title to the premises purchased by him, and was advised by the title company to which he applied that the description of the second lot set forth in his deed from the sheriff, varied materially from the description of that lot in the mortgage.

Mr. Adams accepted his deed, and some time afterwards sought forth the mistake in the description of the third course of the second lot, which began in the bill of complaint, and continued through all the subsequent steps of the foreclosure suit. He prays—*first,* that a decree may be made in that suit amending the description of the second tract as set forth in the bill of complaint, so that it shall describe that tract correctly as in the mortgage; *secondly,* that the sheriff of Atlantic county be decreed to execute and deliver a new deed to him (Adams) describing the premises as they are described in the mortgage.

An order was allowed directing that the defendants show cause why the prayer of the petition should not be granted, and providing for either personal service, if that could be made in this state, or, if not, for service by publication.

Upon the coming in of the order, the petitioner, Adams, filed affidavits showing that the defendants could not be found, and that personal service could not be made upon them, and that due publication of the order to show cause was made in accordance with the order.

The defendants have not appeared. The application for the amending decree is *ex parte.*

*Mr. Clarence L. Cole,* for the petitioner, *ex parte.*

GREY, V. C.

The mistake occurred in describing the third course of the second lot of the mortgaged premises in the bill of complaint, and subsequent proceedings in the foreclosure suit.

Adams *v.* Reynolds.

The following diagram shows the correct description as set forth in the mortgage, and the erroneous one in the foreclosure proceedings:

The plain lines show the description as given in the mortgage.

The description in the bill of complaint is the same as to the first and second courses.

The third course in the bill of complaint returns to Pacific avenue by the dotted line. This is the mistake which runs through all the foreclosure proceedings.

It will be noticed that the description in the foreclosure suit is a complete description of a tract of land. It will "close," as the surveyors phrase it. It includes a part only of the mortgaged second lot, but is complete as to that part. This is not a case which seeks to correct the mistake of an officer executing a writ. The sheriff made no mistake. He advertised and sold the lot which he was ordered to sell.

The judgment in a foreclosure suit is that the defendants stand debarred and foreclosed of their equity of redemption in the said mortgaged premises, *"when sold as aforesaid by virtue of this decree."*

The description of the second lot in the foreclosure proceedings was an efficient description of a part of that lot, and the sale and conveyance of that part has cut off the defendants' equity of redemption therein; but the proceedings, though correctly carried through to a sheriff's deed, as to one part of the second lot, omitted to describe or refer to or include the residue of that second lot, and as to this omitted portion, the foreclosure suit has no legal force or effect to cut off the equity of redemption of the defendants. They were not invited to answer as to this part; they permitted no decree to be taken *pro confesso* against this part; no order for its sale was made, no execution issued directing the sheriff to sell it. He neither advertised nor conveyed it, nor had he any right to do so under the proceedings in the suit. The effect of the foreclosure, as conducted, was that a part only of the mortgaged premises has been sold, and it raised only a part of the mortgage-money. The equity of redemption of the defendants in the remainder was not affected by those proceedings, and may yet be sold to raise the balance of the mortgage-money.

The petitioner prays a decree amending the description in the bill of complaint to conform to the description in the mortgage, and that the sheriff may be decreed to make and deliver to him a new deed, describing the premises as in the mortgage. Nothing is asked in the way of amendment of the execution or the advertisement of sale. To make an amending decree in this way would, in effect, foreclose the defendants' equity of redemption in the portion of the mortgaged premises omitted from the

proceedings, without notice to them and without advertising that portion for sale.

The petitioner is not a party to the foreclosure suit, yet he asks that the pleadings and proceedings in it be amended. He is not in the position of a purchaser who prays the aid of the court to enforce its decree for sale, as in cases of applications for writs of assistance. He is applying to have the court alter the proceedings in a matter of substance, in such manner that he may get, by his purchase, more property than the defendants were notified would be sold, more than was advertised to be sold, and more than the purchaser bought.

I cannot see that the petitioner, a stranger to the litigation, has any *status* to make such a motion. Irrespective of this latter criticism of the petitioner's position, there is no justice in the proposition on its merits.

The prayer of the petition is refused.